**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUL 1 3 2022

TAMMY H. DOWNS, CLERK
By: _____
DEP CLERK

# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### DELTA DIVISION

**JOHN GIBSON, as Administrator of**
**the Estate of Daniel Gibson**                                          **PLAINTIFF**

**V.**                    CASE NO. *2:22CV126 – BSM*

**JOSEPH FRIEL; and**
**ANNETT HOLDINGS, INC d/b/a TMC Transportation**              **DEFENDANTS**

---

## COMPLAINT

---

COMES NOW, the Plaintiff, John Gibson, as Administrator for the Estate of Daniel Gibson, deceased, by and through his attorneys and for his Complaint against the Defendants states as follows:

### I.      INTRODUCTION

This is an action for to recover damages stemming from ordinary negligence, negligent hiring, negligent training, negligent supervision, negligent retention, and from a motor vehicle crash that led to the injury and death of Daniel Gibson. On October 3, 2021, Daniel Gibson was riding his motorcycle traveling Southbound on US Highway 65 in Desha County, Arkansas. In the dark of the night, unbeknownst to Mr. Gibson, Defendant Joseph Friel was blocking the entire southbound lane while backing his semi-trailer into a driveway off US Highway 65. When Mr. Gibson was able to see the semi-trailer he attempted to stop but was unable to avoid a collision with Defendant Friel's semi-trailer. Mr. Gibson was severely injured in the collision and airlifted to UAMS hospital but died as a result of the crash. Defendant Friel was operating a semi-tractor owned by Defendant Annett Holdings, Inc. d/b/a TMC Transportation at the time of the collision.

This case assigned to District Judge *Miller*
and to Magistrate Judge *Ray*

## II.     PARTIES, JURISDICTION, AND VENUE

1.      Plaintiff, John Gibson, (hereinafter "Plaintiff Gibson") is the biological brother of Daniel Gibson, (hereinafter "Decedent Gibson") and the duly appointed Administrator of the Estate of Daniel Gibson.

2.      Plaintiff Gibson is suing in his capacity as Administrator of the Estate of Decedent Gibson pursuant to an Order of the Circuit Court of Arkansas County, Arkansas, Probate Division. A copy of the Order Appointing John Gibson as Administrator is attached as Exhibit 1.

3.      Plaintiff Gibson is an individual residing in Arkansas County, Arkansas.

4.      Decedent Gibson resided in Arkansas County, Arkansas at the time of his death.

5.      Defendant, Joseph Friel, (hereinafter "Defendant Friel") is an individual residing in Christian County, Missouri, and may be served at 5226 State Highway K, Billings, Missouri 65610 or wherever found.

6.      Defendant, Annett Holdings, Inc. d/b/a TMC Transportation, (hereinafter "Defendant TMC") is a foreign corporation incorporated in Iowa and with a principal place of business in Des Moines, Iowa, and may be served at 6115 SW Leland Avenue Des Moines, Iowa 50321.

7.      At all times pertinent to the events referred to herein, Defendant Friel, was an agent, servant, and/or employee of Defendant TMC.

8.      That, in the alternative, all the negligent actions, commissions, inactions, and/or omissions of Defendant Friel, at all times pertinent to the events referred herein, are vicariously imputed to Defendant TMC under the legal doctrine of respondeat superior and/or actual or apparent agency authority.

9.      The collision and acts referred to herein in this Complaint occurred in Desha County, Arkansas in the city of McGehee.

10.     This court has subject matter jurisdiction for this Complaint pursuant to 28 U.S.C.

§ 1332 as the dispute is between citizens of different states and the amount in controversy, without

interest and costs, exceeds $75,000.

11.     The amount in controversy is in excess of the minimum amount required for

diversity jurisdiction.

12.     Venue is proper pursuant to 28 U.S.C. § 1391 as all acts relevant hereto occurred

with the Eastern District of Arkansas.

### III.     <u>**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**</u>

13.     Plaintiff hereby incorporates paragraphs one through twelve herein by reference.

14.     On October 3, 2021, at approximately 7:50 PM, Decedent Gibson was traveling

Southbound on US Highway 65 in Desha County, Arkansas, on his 2003 Harley-Davidson XL

1200 motorcycle.

15.     Defendant Friel was operating a Peterbilt tractor-trailer when the incident occurred.

16.     At the time of the incident on October 3, 2021, the tractor-trailer that was operated

by Defendant Friel was owned by Defendant TMC.

17.     The tractor-trailer driven by Defendant Friel and owned by Defendant TMC had

the Department of Transportation number of 087409.

18.     Upon information and belief Defendant Friel was an employee of Defendant TMC

and was subject to all the rules and regulations of the Federal Motor Carrier Safety Act (hereinafter

"FMCSA") and the Department of Transportation.

19.     At the time of the incident, Defendant Friel was an "employee" of Defendant TMC

within the meaning of 49 C.F.R. § 390.5.

20.     On October 3, 2021, at approximately 7:50 PM, Defendant Friel was attempting to

back his tractor-trailer into the driveway of Helena Chemical on the West side of US Highway 65.

21.    Defendant Friel was blocking the Southbound lanes of US Highway 65 with his tractor-trailer while backing into the driveway.

22.    Defendant Friel failed to adequately warn oncoming traffic that he was blocking the roadway.

23.    Decedent Gibson approached Defendant Friel's tractor-trailer and could not stop before colliding with the tractor-trailer.

24.    After colliding with Defendant Friel's tractor-trailer, Decedent Gibson was thrown from his motorcycle and sustained serious injuries.

25.    Decedent Gibson was transported to McGehee Hospital and later flown to UAMS hospital.

26.    Shortly after arrival at UAMS hospital, Decedent Gibson died due to the injuries sustained in the collision with Defendant Friel's tractor-trailer.

### IV.    COUNT I – NEGLIGENCE BY DEFENDANT FRIEL

27.    Plaintiff hereby incorporates paragraphs one through twenty-six herein by reference.

28.    Defendant Friel had a duty to operate his vehicle in a safe and prudent manner upon Arkansas roadways.

29.    Defendant Friel breached this duty in the manner in which he operated his vehicle.

30.    Defendant Friel's negligence was the direct and proximate cause of the damages, injuries, and death sustained by Decedent Gibson. Further specific acts of negligence include, but are not limited to, the following:

      a.    Failing to keep a proper lookout;

      b.    Failing to keep the automobile he was driving under proper control;

      c.    Failed to take proper evasive action;

    d.      Unsafe driving;

    e.      Failing to yield the right-of-way;

    f.      Careless and prohibited driving in violation of Ark. Code Ann. § 27-51-104;

    g.      Failing to comply and follow rules for the safe operation of a commercial motor vehicle as required by the FMCSA and the Department of Transportation;

    h.      Otherwise failing to exercise ordinary care under the circumstances.

31.    It was foreseeable that the failure of Defendant Friel to operate the vehicle in a reasonably prudent and safe manner on a highway would present and cause an appreciable risk of serious harm or danger to other public users and travelers on the highway.

32.    As a proximate cause of the negligence of Defendant Friel, Decedent Gibson suffered painful injuries and death.

33.    Decedent Gibson incurred medical expenses for the necessary care and treatment of the injuries resulting from the instant complaint.

## V.    COUNT II – NEGLIGENCE BY DEFENDANT TMC

34.    Plaintiff hereby incorporates paragraphs one through thirty-three herein by reference.

35.    Defendant TMC was negligent in the following particulars, including but limited to, the following:

    a.      Negligently failing to properly comply with industry standards and FMCSA regulations in that it failed to properly train, instruct, supervise, and control its driver, Defendant Friel;

b.    Negligently failing in its duty of proper training and supervision of Defendant Friel about the duties imposed upon Friel by FMCSA, Department of Transportation, and as a holder of a CDL;

c.    Negligently failing to comply with all the rules, regulations, and duties required by the laws of the State of Arkansas, the FMCSA, and the Department of Transportation by which it was obligated to conform and comply;

d.    Failing to adequately screen Defendant Friel prior to hiring him as a driver.

36.    At all relevant time periods, Defendant TMC was a "motor carrier" and an "employer" of drivers of "commercial motor vehicles" as defined by 49 C.F.R. parts 382 et seq. of the Federal Motor Carrier Safety Regulations.

37.    Defendant TMC was subject to the mandatory requirements and prohibitions set out in the Federal Motor Carrier Safety Regulations, including duties imposed to ensure that its commercial motor vehicle driver acted in compliance with these federal regulations.

38.    Pursuant to sections 390.03(e)(1), 390.11 every employer of a commercial vehicle driver shall be knowledgeable of and comply with all regulations applicable to that motor carrier's operations and it shall be the duty of the motor carrier to require observance of any duty prescribed for a driver or any prohibition imposed upon the driver.

39.    Pursuant to section 392.1, every motor carrier, its officers, agents, representatives, and employees responsible for the management, maintenance, operation, or driving of commercial motor vehicles, or the hiring, supervising, training, assigning, or dispatching of drivers, shall be instructed in and comply with the Federal Motor Carrier Safety Regulations.

40.     The federal motor carrier law, as implemented in the Federal Motor Carrier Safety Regulations, 49 C.F.R. Parts 382 et seq., including those sections cited above, are adopted and enforced by the State of Arkansas as standards and law of this State, pursuant to the Arkansas Uniform Commercial Driver License Act, Arkansas Code sections 27-23-101 et seq., and the Arkansas State Highway Commission Regulations, Minute Order Revisions, Commercial Motor Carriers, Rule 17.1.

41.     Ark. Code Ann. § 27-50-101 makes it unlawful for the owner, or any other person, employing or otherwise directing the driver of any vehicle, to require or knowingly to permit the operation of the vehicle upon a highway in any manner contrary to law.

42.     Prior to and/or at the time of the collision on October 3, 2021, Defendant TMC violated each of the above-cited safety laws and regulations.

43.     Defendant TMC failed to have policies and procedures in place that provided instructions to their employees, including Friel, regarding safe driving techniques such as keeping a proper lookout, keeping the vehicle being driven under proper control, driving carelessly, driving inattentively, and failing to yield the right-of-way.

44.     The above listed negligence of Defendant TMC was a concurring proximate cause of the injuries, death, and damages suffered by Plaintiff.

## VI.     COUNT III – DEFENDANT TMC'S VICARIOUS LIABILITY

45.     Plaintiff hereby incorporates paragraphs one though forty-four herein by reference.

46.     At all times material hereto, Defendant Friel was acting within the course and scope of his employment, agency, or service, within the authority of and under the direction and control of Defendant TMC.

47.     Pleading in the alternative, Defendant TMC through management had authorized and/or ratified the described conduct of Defendant Friel.

48.     As a result of the foregoing, Defendant TMC is vicariously liable for the negligence of Defendant Friel.

## VII.     COUNT IV – SURVIVAL

49.     Plaintiff hereby incorporates paragraphs one though forty-eight herein by reference.

50.     Plaintiff Gibson, as Administrator of the Estate of Daniel Gibson, deceased, brings a survival cause of action on behalf of the estate for damages suffered by Decedent Gibson immediately prior to his death and pursuant to Ark. Code Ann. § 16-62-101, is entitled to recover the following elements of damages, including without limitation:

      a.    Conscious pain and suffering prior to death, contributed by blunt force trauma to the head, fractures, and multiple lacerations and abrasions to decedent's body;

      b.    Mental anguish;

      c.    Funeral expense;

      d.    Loss of life damages;

      e.    Medical expense; and

      f.    Lost earnings.

## VIII.     COUNT V – WRONGFUL DEATH

51.     Plaintiff hereby incorporates paragraphs one through fifty herein by reference.

52.     Plaintiff, as Administrator of the Estate of Daniel Gibson, deceased, brings a wrongful death cause of action on behalf of Decedent Gibson's statutory beneficiaries pursuant to Ark. Code Ann. § 16-62-102.

53.     Pursuant to Ark. Code Ann. § 16-62-102(d), the statutory beneficiaries are entitled to recover for the wrongful death of Decedent Gibson, deceased, to the best of Plaintiff's

information and belief at this time, are John Gibson, brother; Michael Gibson, brother; and Connie Carravo, mother.

54.     The statutory beneficiaries named and identified in the preceding paragraph are entitled to recover the following elements of damages:

a.     Contributions which Decedent Gibson would have made to each beneficiary, including money, goods, and other services;

b.     Mental anguish the beneficiary has suffered due to the tragic death of Decedent Gibson, including but not limited to, normal and usual grief associated with the loss of a loved one;

c.     Loss of companionship, society, care, counsel, and any other pecuniary injuries sustained by the beneficiary.

## IX.     DAMAGES

55.     Plaintiff hereby incorporates paragraphs one through fifty-four herein by reference.

56.     As a proximate result of the negligence of the Defendants, Decedent Gibson sustained injuries, death, and damages, including, but not limited to, the following:

a.     Permanent impairment;

b.     Medical expense;

c.     Pain and suffering;

d.     Mental anguish;

e.     Loss of enjoyment of life;

f.     Travel expenses in the course of medical treatment;

g.     Lost wages and future earnings; and

h.     Other damages that will be more particularly described during the course of the litigation.

57.     Plaintiff demands judgement against the Defendants for a sum in excess of the $75,000 amount in controversy requirement for diversity jurisdiction in this Court.

## X.    JURY DEMAND

58.     Plaintiff demands a jury trial on all factual issues.

59.     Plaintiff reserves the right to amend this complaint.

WHEREFORE, the Plaintiff, John Gibson, individually and as Administrator of the Estate of Daniel Gibson, deceased, and on behalf of the estate, and all heirs and beneficiaries of said estate, prays for judgment of and from Defendants Friel and TMC for an amount of money adequate to compensate him for the damages he has sustained. The Plaintiff further prays for attorney's fees, costs, pre-judgment and post-judgment interest in the full amount allowed by law, and all other just and proper relief to which he may be entitled.

Respectfully submitted,

**KIRKENDALL DWYER, LLP**

By: _____
B. Patrick Cowan (Ark. Bar No. 2007230)
pcowan@kirkendalldwyer.com
221 W. Second St., Suite 427
Little Rock, Arkansas 72201
(501) 508-8566 Telephone
(501) 417-0010 Facsimile

Attorneys for the Plaintiff